CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

NICHOLAS M. PARKER (CABN 297860)
ERIC CHENG (CABN 274118)
Assistant United States Attorneys

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
nicholas.parker3@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ABDULRAHMAN ALFOZAN,<br>a/k/a Abdul Alfozan,<br><br>Defendant. | CASE NO. 3:26-CR-00539 VC<br><br>**STIPULATED ~~[PROPOSED]~~ AMENDED PROTECTIVE ORDER** |

Pursuant to the Court's order from the bench on November 17, 2026, the parties have met and conferred regarding the protective order in this case and hereby submit this stipulated [proposed] amended protective order, in which the section in the original Stipulated Protective Order filed on the docket at ECF No. 21 that was entitled "RESTRICTION ON USE OF AI TO PROCESS PROTECTED INFORMATION AND CONFIDENTIAL MATERIAL" has been deleted in its entirety and replaced with language acceptable to both parties. The rest of this stipulated amended protective order is unchanged from the prior protective order, with the exception of the addition of the word "Amended" throughout.

* * *

With the agreement of the parties, the Court enters the following Stipulated Amended Protective Order, which supersedes any prior protective orders entered in this case.

Defendant ABDULRAHMAN ALFOZAN ("THE DEFENDANT") is charged with one count of interception of oral communications, in violation of 18 U.S.C. § 2511(1)(b)(iv). *See* Dkt. 18. The United States is prepared to begin producing documents and other materials pertaining to THE DEFENDANT and the charged offense to defense counsel.

**PROTECTED INFORMATION**

The discovery to be provided in the above-captioned case includes documents or other materials falling into one or more of the following categories (collectively, "Protected Information"):

a) Personal Identifying Information of any individual (other than his or her name), including any person's date of birth, social security number, residence address, telephone numbers, email addresses, driver's license number, names of persons who are minors, or criminal histories;

b) Financial Identifying Information of any individual or business, including bank account numbers, credit or debit card numbers, account passwords, and taxpayer identification numbers;

c) Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPAA); and

d) Other sensitive information relating to the privacy and safety of witnesses, integrity of ongoing investigations, confidentiality of sources, and/or other law enforcement agency concerns.

The United States will identify discovery materials as Protected Information by marking such materials "PROTECTED—SUBJECT TO PROTECTIVE ORDER" or by providing written notice identifying discovery materials as Protected Information. The government shall exercise reasonable care in determining which discovery materials should be designated as Protected Information in order to avoid the over-designation of discovery materials as Protected Information.

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that defense counsel, their investigators, assistants, employees, and independent contractors (collectively, "the Defense Team") may review with THE DEFENDANT

all discovery material produced by the government, but shall not provide THE DEFENDANT with copies of, or permit THE DEFENDANT to make copies of, or have unsupervised access to any discovery material produced by the government that contains Protected Information. The government and defense counsel are ordered to work together to ensure that these materials are protected, but that THE DEFENDANT has as much access to the materials as can be provided consistent with this Court's order. Discovery material that clearly pertains to a specific defendant and does not contain Protected Information regarding any other person (*e.g.*, defendant's own bank records, telephone records, and business records) may be provided to that defendant unredacted.

The Defense Team may show witnesses Protected Information in the course of preparing a defense for trial or any related proceedings in this case, but only if (i) the witness, by reason of his or her participation in the underlying events or conduct, would have seen or had reason to know such information, or (ii) it is otherwise relevant to the defense of the case that the Defense Team discuss with or show the witness Protected Information. Witnesses may only view Protected Information in the presence of the Defense Team. No witness or potential witness may retain copies of discovery material that contains Protected Information after his or her review of those materials with the Defense Team is complete.

Defense counsel may also provide unredacted copies of Protected Information to any experts retained to assist with the preparation of the defense in the captioned case. Any experts who receive Protected Information under this Stipulated Amended Protective Order shall be provided a copy of this Stipulated Amended Protective Order along with those materials and shall sign and date the Acknowledgment in the form appended to this Stipulated Amended Protective Order as Addendum B reflecting their agreement to be bound by it.

The Defense Team shall maintain Protected Information safely and securely and shall exercise reasonable care in ensuring the confidentiality of those materials by not divulging the contents or permitting anyone to see Protected Information except as set forth in this Stipulated Amended Protective Order.

The materials provided pursuant to this Stipulated Amended Protective Order may only be used for the specific purpose of preparing or presenting a defense in this matter and any related appellate or immigration proceedings, unless specifically authorized by the Court.

This Stipulated Amended Protective Order shall also apply to any copies made of any materials covered by this Stipulated Amended Protective Order.

**IT IS FURTHER ORDERED** that if a party files a pleading that contains or attaches Protected Information subject to this Stipulated Amended Protective Order, the Protected Information must be filed under seal (accompanied by a request to file under seal) and redacted from the public filing, unless otherwise ordered by the Court.

**IT IS FURTHER ORDERED** that after any judgment or disposition has become final and there are no pending proceedings, challenges, appeals, or habeas motions in the case, counsel for THE DEFENDANT shall either destroy discovery materials containing Protected Information (including any copies) within 30 days if THE DEFENDANT consents to such destruction, or retain the Protected Information and ensure that the Protected Information will continue being kept under the conditions specified in this Stipulated Amended Protective Order. After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Stipulated Amended Protective Order. If THE DEFENDANT is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Stipulated Amended Protective Order under the terms of this Stipulated Amended Protective Order.

## CONFIDENTIAL TRADE SECRET INFORMATION

WHEREAS during the course of discovery in the above-captioned case, the United States may produce documents and other items containing information claimed by OpenAI OpCo, LLC ("OpenAI") to be kept protected as a possible "trade secret" within the meaning of 18 U.S.C. § 1839(3); and

WHEREAS the United States and THE DEFENDANT deem it appropriate for the purpose of facilitating pretrial negotiations and to provide for the protection of such information without agreeing between them that the specific information is in fact intended to be kept secret or is a trade secret, and with the further understanding that nothing in this Stipulated Amended Protective Order creates any presumption regarding whether the specific information is intended to be kept secret or is a trade secret, and lastly preserving THE DEFENDANT's rights to challenge any such designation at a later time;

IT IS HEREBY STIPULATED AND AGREED by and between the United States and THE DEFENDANT and his counsel that the following definitions and procedures will govern the designation and handling of such material and other information produced by the United States during pretrial negotiations, while reserving the question of how such material and information should be handled at trial, and during pre-or post-trial hearings, for a future time.

1. "Confidential Material" shall mean information that the United States contends is intended to be kept secret or is a trade secret within the meaning of 18 U.S.C. § 1839(3). "Discovery Material" shall mean all materials disclosed by the United States during discovery in this case.

2. The protections conferred by this Stipulated Amended Protective Order cover not only Confidential Material, as defined above, but also include: (i) any information copied or extracted from Confidential Material; (ii) all copies, excerpts, summaries, or compilations of Confidential Material; and (iii) any testimony, conversations, or presentations by the parties and their counsel that might reveal Confidential Material.

3. Inadvertent failure to designate qualified information or items as Confidential Material does not, standing alone, waive the United States' right to secure protection under this Stipulated Amended Protective Order for such material if timely corrected. Upon timely correction of designation, THE DEFENDANT and his counsel must make reasonable efforts to assure the materials are treated in accordance with the provisions of this Stipulated Amended Protective Order.

4. The United States may designate Discovery Material as Confidential Material to the extent it believes in good faith that the information or material is or may be Confidential Material as defined in Paragraph 1, above. Any labeling, segregation, or designation of Discovery Material as "Confidential Material" should be made, whenever possible, in the case of written, tangible, or documentary Discovery Material, at the time that Discovery Material is produced or made known to THE DEFENDANT by stamping each page "<u>CONFIDENTIAL—TRADE SECRET MATERIAL—SUBJECT TO PROTECTIVE ORDER</u>" in a manner that is readily distinguishable from any pre-existing confidential designation, as discussed herein or otherwise. Computer memory storage materials such as tapes, diskettes, hard drives, or other memory media containing Discovery Material deemed by the United States as containing Confidential Material shall be labeled on the outside of the media as

"CONFIDENTIAL—TRADE SECRET MATERIAL—SUBJECT TO PROTECTIVE ORDER." Specifically, all source code on media storage devices and certain charts shall be deemed "CONFIDENTIAL—TRADE SECRET MATERIAL—SUBJECT TO PROTECTIVE ORDER." The United States shall maintain unlabeled or "clean" copies of all discovery material that it has labeled "CONFIDENTIAL—TRADE SECRET MATERIAL—SUBJECT TO PROTECTIVE ORDER" under this Stipulated Amended Protective Order for future use by the parties in subsequent proceedings.

5. Discovery Material designated as "CONFIDENTIAL—TRADE SECRET MATERIAL—SUBJECT TO PROTECTIVE ORDER" shall be retained by THE DEFENDANT's counsel in the above-captioned case and furnished, at this time, to no one other than THE DEFENDANT's counsel in the above-captioned case, THE DEFENDANT, any staff supporting THE DEFENDANT's counsel in the above-captioned case (*e.g.*, interpreters, paralegals, assistants, and secretarial, stenographic, and clerical employees working on this case under the direction of THE DEFENDANT's counsel and to whom it is necessary that the materials be disclosed for purposes of the defense of this case). THE DEFENDANT's counsel may further show documents to any custodian listed on the face of such document but shall not leave any such Confidential Material with the custodian. THE DEFENDANT's counsel may also show documents to any potential witness that they deem necessary for the defense of this matter but shall not leave any such Confidential Material or summary of the Confidential Material with the potential witness. THE DEFENDANT's counsel agrees to keep a log reflecting the date(s) on which a particular custodian or witness viewed Confidential Material and what specific Confidential Material was viewed. If THE DEFENDANT or his counsel wishes to consult an expert regarding these materials, the procedure for doing so is addressed in Paragraph 10 of this Stipulated Amended Protective Order. All such material shall be kept in the possession of THE DEFENDANT's counsel in the above-captioned case and neither this material nor any copies of the material shall leave their possession (including via electronic transmission of any sort) for any purpose except submission *in camera* to the Court, except that counsel may include the material in emails among themselves as necessary for the defense of this matter, provided that when Confidential Material is attached to an email between counsel, the Confidential Material shall be encrypted. Electronic copies of Confidential Material may be stored on standalone, password-protected laptop computers and in password-protected cloud-based accounts belonging to

THE DEFENDANT's counsel. No Confidential Material shall be downloaded to, or maintained by THE DEFENDANT's counsel on, a portable storage device, such as a thumb drive or removable external hard drive, unless that thumb drive or external storage device is password-protected. However, if THE DEFENDANT is in custody before the resolution of this Indictment (*i.e.*, in pretrial detention), his counsel may bring the designated Confidential Material to the facility in which THE DEFENDANT is incarcerated to assist in THE DEFENDANT's preparation but shall not leave any Confidential Material with THE DEFENDANT. All Confidential Material shall be used solely for the purpose of conducting pretrial, trial, and appellate proceedings in this case and for no other purpose whatsoever, and shall not be used for the economic benefit of any defendant or for the benefit of any third party. All motions that contain any material labeled "CONFIDENTIAL—TRADE SECRET MATERIAL—SUBJECT TO PROTECTIVE ORDER" and that are filed with the Court shall be filed and kept under seal until further order of the Court. Confidential Material filed under seal shall be filed with the Clerk of the Court in sealed envelopes or boxes prominently marked with the caption of this case and this notation:

**TO BE FILED UNDER SEAL**
**Contains Confidential Material**
**To Be Opened Only As Directed By The Court**

6. The recipient of any Confidential Material that is provided under this Stipulated Amended Protective Order shall keep such material in a manner reasonably intended to preserve and maintain the confidentiality of the material and shall not disclose such material or any information therein to any individuals except as authorized by this Stipulated Amended Protective Order.

7. At the conclusion of the above-captioned case, THE DEFENDANT and his counsel in the above-captioned case agree to notify the government so the government can request that materials labeled "CONFIDENTIAL—TRADE SECRET MATERIAL—SUBJECT TO PROTECTIVE ORDER" (including any copies) be returned to the United States. To the extent that THE DEFENDANT's counsel intends to maintain possession of any Confidential Material, counsel must so do under conditions specified in this Stipulated Amended Protective Order. If THE DEFENDANT's counsel cannot ensure that Confidential Material will be kept under the conditions specified in this Stipulated Amended Protective Order, THE DEFENDANT's counsel shall destroy the material. THE DEFENDANT's counsel will also destroy any attorney work product that contains Confidential Material, except as directed by the Court.

8. Nothing herein shall prevent THE DEFENDANT from using Confidential Material or from referring to, quoting, or reciting from any information contained in Confidential Material in connection with pleadings or motions filed in this case, provided that such pleadings or motions be filed under seal and/or submitted to the Court for *in camera* inspection. The use of Confidential Material at trial or in any pre- or post-trial hearing will be resolved at or before the time of the trial or hearing.

9. Should THE DEFENDANT dispute the propriety of any designation of Discovery Material as Confidential Material, his counsel shall notify the United States in writing. Within 14 business days from receiving any such notice, the United States shall respond to the notice in writing. If after this exchange of correspondence, THE DEFENDANT and the United States cannot resolve their dispute, they may apply to the Court to do so. The burden shall be on the government to prove that the material in question qualifies as Confidential Material. During the pendency of the dispute and any court resolution thereof, including an appeal of the Court's decision on such motion, the discovery material shall be deemed "CONFIDENTIAL—TRADE SECRET MATERIAL—SUBJECT TO PROTECTIVE ORDER" as designated and shall be covered by the provisions of this Stipulated Amended Protective Order. The parties understand that, as this Stipulated Amended Protective Order is primarily intended to facilitate pretrial negotiations, THE DEFENDANT and his counsel may choose not to formally challenge the government's designation of certain material as Confidential Material at this stage of the proceedings. A decision not to challenge a confidential designation at this time does not constitute a waiver on the part of THE DEFENDANT of the ability either to challenge a confidential designation or to contest that certain portions of designated Confidential Material constitute "trade secret" information as defined by 18 U.S.C. § 1839(3).

10. At such time as THE DEFENDANT retains an expert or experts to assist in the review of Confidential Material, each expert shall execute the Acknowledgment in the form appended to this Stipulated Amended Protective Order as Addendum B. THE DEFENDANT shall not be required to provide said Acknowledgment, or the identity of the expert who signed it, to the United States, unless so ordered by the Court. The United States retains the right to request that the Court order such disclosure. Nothing in this paragraph relieves THE DEFENDANT of his discovery obligations as set forth in Federal Rule of Criminal Procedure 16(b)(1)(C), nor does the United States waive any rights thereunder

by entering into this Stipulated Amended Protective Order. By signing and agreeing to the terms of this Stipulated Amended Protective Order, no person shall be deemed to have conceded that any material has been properly designated as confidential.

11. Nothing in this Stipulated Amended Protective Order shall preclude the United States or THE DEFENDANT from applying to the Court for further relief or modification. The parties' agreement to enter into this Stipulated Amended Protective Order at this time is for the purpose of pretrial negotiations, and is not a concession by THE DEFENDANT that the terms contained herein would be appropriate should the case proceed to trial.

**RESTRICTION ON USE OF AI TO PROCESS PROTECTED INFORMATION AND CONFIDENTIAL MATERIAL**

The parties agree that if any person or entity authorized to have access to either Protected Information and/or Confidential Material, as those terms are defined in this Stipulated Amended Protective Order, uses an artificial intelligence ("AI") tool to process or otherwise analyze any Protected Information and/or Confidential Material, any such AI tool will:

a. Be a U.S.-based, enterprise-grade platform that has been licensed;

b. Be subject to a binding written agreement that (i) requires the provider of the AI tool to keep all user-supplied data strictly confidential, and (ii) expressly prohibits the provider of the AI tool from using such data for training, fine-tuning, product improvement, or any purpose other than providing the contracted-for services; and

c. Employ technical and organizational security measures reasonably designed to prevent any unauthorized access to, and disclosure or use of, Protected Information and/or Confidential Material.

These restrictions apply even where the Protected Information and/or Confidential Material has been anonymized. "AI tool" means any automated system that uses statistical modeling, machine learning, or similar techniques to process inputs and generate outputs, recommendations, or predictions, including but not limited to large language models, generative AI services, or AI-assisted software tools, whether cloud-based or otherwise.

The parties further agree that, for any AI tool used as described herein, they and anyone acting on their behalf will (i) implement reasonable measures to ensure the AI tool will maintain the confidentiality of Protected Information and/or Confidential Material; and (ii) ensure all Protected Information and/or Confidential Material is deleted from the AI tool at the conclusion of the case—that is, after any judgment or disposition has become final and there are no pending proceedings, challenges, appeals, or habeas motions in the case.

The government acknowledges that counsel for THE DEFENDANT has already voluntarily identified the AI tool he uses and provided information concerning its settings.

* * *

THE DEFENDANT and all members of the Defense Team shall sign and date the Acknowledgement in the form appended to this Stipulated Amended Protective Order as Addendum A. If the defendant subsequently retains new counsel to assist in, or assume, the defense of this case, such new counsel shall also sign and date the Acknowledgement in the form appended to this Stipulated Amended Protective Order as Addendum A.

Willful violation of this Stipulated Amended Protective Order may be punishable by contempt of court, whatever other sanction the Court deems just, or any other sanctions or combination of sanctions that are legally available.

This stipulation is without prejudice to either party applying to the Court to modify the terms of this or any other protective order. This Court shall retain jurisdiction to modify this Stipulated Amended Protective Order upon motion of either party even after the conclusion of district court proceedings in this case.

**IT IS SO STIPULATED.**

DATED: November 20, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/ *Nicholas Parker*
NICHOLAS M. PARKER
ERIC CHENG
Assistant United States Attorneys

DATED: November 20, 2026

/s/ *David W. Rizk*
DAVID W. RIZK
Rizk & Shearer LLP
Attorneys for Defendant ALFOZAN

**IT IS SO ORDERED.**

DATED: November 20, 2026

HON. VINCE CHHABRIA
United States District Judge

**ADDENDUM A**

**AGREEMENT TO BE BOUND BY STIPULATED AMENDED PROTECTIVE ORDER**

The undersigned—that is, defendant ABDULRAHMAN ALFOZAN as well as David W. Rizk, counsel in the above-captioned case, 3:26-CR-00539 VC—hereby acknowledge that they have received a copy of the Stipulated Amended Protective Order in the above-captioned case, have read, understand, and agree to be bound by all of the provisions thereof, and hereby submit to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Amended Protective Order and the punishment of any violations thereof.

DATED: ______________________

______________________________
DAVID W. RIZK
Rizk & Shearer LLP
Attorneys for Defendant ALFOZAN

DATED: ______________________

______________________________
ABDULRAHMAN ALFOZAN
Defendant

**By signing below, I acknowledge that I have been provided and have reviewed a copy of this Stipulated Amended Protective Order and hereby agree to be bound by its terms:**

| **NAME** | **SIGNATURE** | **DATE** |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

# ADDENDUM B

**ACKNOWLEDGMENT OF STIPULATED AMENDED PROTECTIVE ORDER IN UNITED STATES v. ABDULRAHMAN ALFOZAN, 3:26-CR-00539 VC**

The undersigned hereby acknowledges receipt of a copy of the Stipulated Amended Protective Order issued in UNITED STATES v. ABDULRAHMAN ALFOZAN, 3:26-CR-00539 VC, has read, understands, and agrees to the terms of the Stipulated Amended Protective Order, and hereby submits to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Amended Protective Order and the punishment of any violations thereof.

Further, the undersigned understands that the sole permissible use of any Protected Information and/or Confidential Material provided and viewed under the provisions of this Stipulated Amended Protective Order is to assist in the preparation of the defense of the defendant, ABDULRAHMAN ALFOZAN, in Case No. 3:26-CR-00539 VC.

The undersigned understands that no further use whatsoever may be made of any Protected Information and/or Confidential Material, and that a willful violation of the Stipulated Amended Protective Order may result in criminal and civil penalties.

DATED: ___________________________

| | |
|---|---|
| ____________________________________<br>Signature | ____________________________________<br>Street Address |
| ____________________________________<br>Printed Name | ____________________________________<br>City, State, and Zip Code |
| | ____________________________________<br>Area Code and Telephone Number |
| | ____________________________________<br>Email Address |